IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN WILLIAMS,            ) | |
| ) | Case No. 1:14-cv-00805 |
| Plaintiff,             ) | |
| ) | |
| v.                  ) | Honorable Edmond E. Chang |
| ) | |
| NATIONAL RAILROAD        ) | |
| PASSENGER CORPORATION   ) | |
| and GARAVELLI            ) | |
| ENTERPRISES, INC.,       ) | |
| ) | |
| Defendants.            ) | |

## MOTION FOR LEAVE TO WITHDRAW AS COURT-APPOINTED COUNSEL

The undersigned counsel, Paul J. Walsen, respectfully moves the Court for relief from the Court's order appointing him as Plaintiff's counsel, and states the following in support of his motion:

1. On April 7, 2015, the Court appointed Paul J. Walsen of K&L Gates LLP as counsel for Plaintiff. [Docket No. 46.] Since that time, the undersigned counsel and other lawyers at his firm have devoted substantial time and energy to the prosecution of Plaintiff's case.

2. A settlement conference was convened on March 24, 2016. The parties were unable to reach agreement during this conference. Thereafter, the parties conducted nine depositions of medical professionals who were identified by Plaintiff as having information supportive of his claims.

3. On May 3, 2017, the Court set another settlement conference to take place on May 22, 2017. [Docket No. 114] The Court further ordered that "Plaintiff shall read the physician depositions and discuss the settlement position with recruited counsel." *Id*.

4. On May 19, 2017, the undersigned counsel and associate attorney Matt Alvis met in person with Plaintiff to discuss the testimony adduced during each of the depositions taken as of that date, and the settlement position to be taken by Plaintiff during the then-upcoming settlement conference. During the meeting, the undersigned counsel expressed to Plaintiff his own candid assessment of the merits of the Plaintiff's claims in light of the contents of Plaintiff's medical records and the results of the depositions, and his recommendation regarding the range of settlement outcomes that in counsel's opinion Plaintiff should be prepared to accept. At the conclusion of the meeting, Plaintiff was provided with a binder containing printed deposition transcripts as well as memoranda prepared by counsel summarizing the testimony adduced during the depositions.

5. Copies of the transcripts of the depositions of the medical professionals identified by Plaintiff were filed under seal with the Court in preparation for the settlement conference. [Docket Nos. 115 and 116]

6. The settlement conference was rescheduled to July 10, 2017 due to the unexpected hospitalization of Plaintiff. The Court directed the parties to exchange settlement position statements in advance of the rescheduled conference. [Docket No. 118]

7. The Defendants timely submitted their joint settlement position statement on June 5, 2017. On June 14, 2017, the undersigned sent Plaintiff a draft responsive position statement for his review and comment. The draft responsive position statement included a proposed settlement demand which was based upon counsel's assessment of the facts and the law. The

104497054 v2

draft responsive position statement was sent under cover of email correspondence which summarized the considerations which influenced the amount of the demand recommended by counsel, and reiterated counsel's view as to the range of settlement outcomes which Plaintiff should accept if they were to be offered.

8. Plaintiff declined to follow counsel's recommendation as to the appropriate amount to demand in settlement of his claims. Instead, Plaintiff instructed the undersigned counsel to demand $15 million dollars in settlement of his claims. Plaintiff further instructed counsel to include in the settlement position statement Plaintiff's positions that the medical information is not accurate, his due process and civil rights are being violated, the facts are misleading, and he has been mistreated because of his race. The undersigned counsel does not agree with these positions and does not consider them to be reasonable under the facts of this case, but included them in Plaintiff's settlement position statement as instructed under a heading intended to make clear that they came from Plaintiff rather than counsel. The undersigned counsel timely submitted copies of the parties' respective settlement position statements to the Court on June 19, 2017.

9. Plaintiff and counsel for all parties attended the settlement conference on July 10, 2017. During the conference, Plaintiff reiterated his positions that his medical records have been changed, he is being threated unfairly due to his race, and he has been denied due process of law in this case. After discussion with the Court and counsel, Plaintiff refused to reduce his demand to a reasonable amount justified by state of the facts and law as applied to this case. As a result, no further settlement proposals were exchanged between the parties and the settlement conference was concluded.

10. In its May 3, 2017 Order [Docket No. 114], the Court "warn[ed] Plaintiff that if he takes an unreasonable position not justified by law or fact, then Plaintiff's recruited counsel will be permitted to withdraw." The Court reiterated this warning during the July 10, 2017 settlement conference, and the Order entered after the conclusion of the settlement conference [Docket No. 212] provides that the undersigned counsel may move to withdraw if the circumstances are appropriate.

11. The undersigned counsel respectfully submits that withdrawal is appropriate and this motion should be granted in light of the positions which Plaintiff insists upon taking in this case. If the Court desires a further factual showing in order to determine whether this motion should be granted, the undersigned hereby requests leave to supply the Court with such a showing in an affidavit that filed under seal and available only to Plaintiff and the Court.

12. The undersigned counsel further requests that the Court find, in light of the duration and difficulty of this appointment, that counsel has satisfied his case representation obligation under Local Rule 83.38(c) and should not be placed on the next pro bono panel.

13. The undersigned counsel has notified Plaintiff of counsel's intention to file this motion. Plaintiff will be served with notice of this motion and the motion itself in the best possible manner by email to an address supplied by Plaintiff which Plaintiff has used regularly to communicate with counsel.

WHEREFORE, for the foregoing reasons, the undersigned requests respectfully that this motion for leave to withdraw as Plaintiff's Court-appointed counsel be granted, and that the Court issue an order relieving Paul J. Walsen from his appointment as Plaintiff's counsel and grant such other and further relief as the Court may deem just.

Dated: July 11 2017

K&L Gates LLP


By: /s/ Paul J. Walsen

Paul J. Walsen
*Court-Appointed Counsel for Plaintiff*
*Steven Williams*

Paul J. Walsen
K&L Gates LLP
70 West Madison Street
Suite 3000
Chicago, Illinois 60602
(312) 372-1121
paul.walsen@klgates.com

5

104497054 v2